UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHAD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:06-cv-172-WGH-JDT |
| ) | |
| BELTERRA RESORT INDIANA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE**

This matter is before the Court on Defendant's Motion In Limine filed September 28, 2007. (Docket No. 35). Plaintiff filed her Response on October 10, 2007. (Docket No. 36).

In its motion, Defendant seeks to exclude testimony or evidence concerning the following: (1) Defendant's liability insurance coverage; (2) Defendant's wealth, assets, or ability to pay any judgment; (3) settlement negotiations; (4) statements from Plaintiff or any non-expert witnesses concerning the causal connection between Plaintiff's medical condition and the accident at issue in this suit; (5) statements from Plaintiff or other non-experts concerning the necessity of medical expenses; (6) any expert opinions not timely disclosed in Plaintiff's discovery; (7) any references to permanent impairment; (8) use of any witnesses or exhibits not on Plaintiff's witness and exhibit lists; (9) any documents or other evidence not provided to Defendant during discovery; (10) any arguments concerning the

"golden rule"; (11) any vouching for Plaintiff on the part of Plaintiff's counsel; (12) any communications by Defendant, its employees or representatives which express sympathy, an apology, or a general sense of benevolence; (13) any post-accident communication between Defendant and any witnesses; and (14) any ploy for sympathy for animals allegedly affected negatively by Plaintiff's injuries.

Plaintiff has conceded that Defendant's Motion In Limine regarding items 1, 2, 3, 8, 9, 10 and 11 is well-founded. Defendant's Motion in Limine is, therefore, **GRANTED** with regard to these items. The Court addresses the remaining items as follows:

**(a)    Items 4 and 5**

Because in accordance with Federal Rules of Evidence 701 and 702 lay witnesses are not qualified to provide testimony concerning medical issues such as the causal connection between an accident and specific injuries as well as the necessity of certain medical expenses, any testimony concerning these matters from Plaintiff or other non-expert witnesses must be excluded. Defendant's Motion In Limine with regard to Items 4 and 5 is **GRANTED.**

**(b)    Item 6**

Plaintiff was required to disclose all expert testimony through discovery in a timely fashion. Any expert testimony not timely disclosed must be excluded at trial, and Defendant's Motion In Limine with regard to Item 6 is **GRANTED.**

**(c)    Item 7**

To the extent that there is medical evidence to support a finding of a permanent impairment, Plaintiff is permitted to provide evidence and Plaintiff's counsel may argue that Plaintiff is permanently impaired. Defendant's Motion In Limine with regard to Item 7 is, therefore, **DENIED**.

**(d)    Item 12**

Plaintiff is permitted to provide evidence from Defendant or Defendant's employees and representatives that expresses sympathy, an apology, or a sense of benevolence only to the extent that it amounts to an admission against interest in accordance with Rule 804 of the Federal Rules of Evidence. Otherwise such evidence must be excluded. Accordingly, Defendant's Motion In Limine with regard to Item 12 is **GRANTED, in part,** and **DENIED, in part.**

**(e)    Item 13**

Defendant also seeks to exclude post-accident communications between Defendant and witnesses. Any such communications shall be excluded only if they are protected attorney work product. Otherwise Defendant has provided no basis for the exclusion of such evidence. Hence, Defendant's Motion In Limine with regard to Item 13 is **DENIED.**

**(f)    Item 14**

Finally, it is alleged that Plaintiff had some connection to a wildlife refuge and that animals may suffer as a result of Plaintiff's inability to maintain the wildlife refuge. However, Plaintiff has provided no evidence that indicates that the

suffering of animals is a permissible element of damages that she may recover.

Defendant's Motion In Limine with regard to Item 14 is, therefore, **GRANTED.**

### Conclusion

For the reasons stated above, Defendant's Motion In Limine is **GRANTED, in part,** and **DENIED, in part.**

SO ORDERED.

Dated:  November 27, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Wilmer E. Goering II
ECKERT ALCORN GOERING & SAGE
goering@eaglaw.com

John R. Shelton
SALES TILLMAN WALLBAUM CATLETT & SATTERLEY
rshelton@stwlaw.com

Andrew David Steere
steere28@yahoo.com